IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WANDA J. HARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-148-M |
| ) | |
| JOHN E. POTTER, Postmaster General, ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant's Motion to Dismiss, filed April 21, 2008. On May 6, 2008, plaintiff filed her response, and on May 16, 2008, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

On February 11, 2008, plaintiff brought the instant action alleging that she was discriminated against on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq., and Oklahoma state law. Defendant now moves to dismiss plaintiff's state law claim, plaintiff's claims for punitive damages, compensatory damages, and liquidated damages, plaintiff's claim for attorney fees, and plaintiff's demand for a jury trial.[1]

I.   State Law Claim

In addition to her ADEA claim, plaintiff is bringing a claim for wrongful discharge based on an alleged violation of Oklahoma's public policy as embodied in the Oklahoma Anti-Discrimination Act. Defendant asserts that the ADEA provides exclusive, preemptive remedies for federal employment discrimination and that plaintiff's state law claim should be dismissed.

---

[1]In her response, plaintiff concedes that she is not entitled to punitive damages and is not entitled to consequential damages in the form of emotional pain and suffering.

Numerous courts have held that the ADEA is the exclusive judicial remedy for claims of discrimination in federal employment. *See, e.g., Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006) ("Federal employees must rely upon Title VII and other federal antidiscrimination statutes like the ADEA that apply to the federal government as the exclusive remedy for combating illegal job discrimination."); *Tapia-Tapia v. Potter*, 322 F.3d 742, 745 (1st Cir. 2003). Because plaintiff was a federal employee, the Court finds that the ADEA is her exclusive judicial remedy for the alleged age discrimination in this case. The Court, accordingly, finds that plaintiff may not maintain a state law claim for age discrimination and said claim should be dismissed.

II.     Liquidated Damages

Subsection (c) of 29 U.S.C. § 633a sets forth what relief is available to a plaintiff suing a federal government employer. Subsection (c) provides: "Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C. § 633a(c). Further, 29 U.S.C. § 633a(f) provides: "Any personnel action of any department, agency, or other entity referred to in subsection (a) of this section shall not be subject to, or affected by, any provision of this chapter, other than the provisions of section 631(b) [pertaining to age limits] of this title and the provisions of this section."

Although 29 U.S.C. § 626(b), the ADEA damages provision for private sector employers, allows for liquidated damages, there is no mention of liquidated damages in § 633a(c). Plaintiff, however, contends that the phrase "for such legal and equitable relief as will effectuate the purposes of this chapter" should be interpreted to include liquidated damages. The Court finds that such an interpretation would in effect render § 633a(f), which expressly confines the federal employee ADEA claims procedure within a self-contained scheme and defines the remedial limits of federal

government liability under the ADEA, a nullity by incorporating the same damages for which private sector employers are liable. Further, the Court finds that liquidated damages are intended to be punitive in nature and, accordingly, should be treated in a similar manner as punitive damages, which are not recoverable against a governmental entity. The Court, therefore, finds that liquidated damages are not available against a federal employer and, thus, plaintiff's claim for liquidated damages should be dismissed. *See Smith v. Office of Pers. Mgmt.*, 778 F.2d 258, 263-64 (5th Cir. 1985).

III.   Attorney Fees

Defendant asserts that plaintiff is not entitled to attorney fees. While this Court agrees that plaintiff is not entitled to attorney fees under the ADEA, the Court finds if plaintiff prevails in this action, she may be entitled to attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b).

As set forth above, § 633a(c) does not specifically mention attorney fees. Further, the Court finds the "for such legal and equitable relief as will effectuate the purposes of this chapter" language contained in § 633a(c) is not sufficient to overcome either the "American rule" of attorney fees or the doctrine of sovereign immunity. The "American rule" provides that, unless there exists statutory or contractual provisions to the contrary, litigants must pay their own attorney fees. *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 241 (1975). Thus, the party seeking attorney fees pursuant to statutory authority must demonstrate that Congress clearly intended to allow such recovery. Further, absent an express and unequivocal waiver, the United States is immune from suit. *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981). Waivers of sovereign immunity are to be strictly

construed in favor of the United States and must not be enlarged beyond such boundaries as the statute's language plainly requires. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).

While Congress explicitly permitted claimants in the private sector to recover attorney fees by incorporating Section 216(b) of the Fair Labor Standards Act into the ADEA, Congress did not apply Section 216 to the public sector. The Court finds that if Congress had intended that the same type of relief should be available in federal employee ADEA cases, it could easily have included the same language in relation to federal employees and that Congress' failure to do so indicates that it intended that these same remedies would not be available in federal employee ADEA cases. The Court, accordingly, finds that attorney fees are not available under the ADEA to federal employees.

The EAJA, however, permits an attorney fee award against the United States where a private litigant would be amendable to a fee award under the statute establishing the particular cause of action. 28 U.S.C. § 2412(b). As noted above, the ADEA expressly permits attorney fee awards in actions against private sector employers. *See* 29 U.S.C. § 626(b). Consequently, a prevailing ADEA claimant is entitled to a reasonable attorney fee award against a private sector employer. Thus, the Court finds that it is entirely consistent with the EAJA's purpose that the United States assume responsibility on a completely equal footing with private sector employers in regard to attorney fee awards under the ADEA. The Court, therefore, finds that the EAJA authorizes a district court to award prevailing ADEA claimants attorney fees against the United States.

Accordingly, the Court finds that plaintiff's claim for attorney fees should not be dismissed.

IV. Jury Trial

Finally, defendant contends there is no right to a jury trial in an ADEA action. Plaintiff, however, contends that based upon the Civil Rights Act of 1991 ("1991 Act"), wherein Congress

amended Title VII to provide the right to jury trials for private as well as government employees, there is now a right to a jury trial in an ADEA action.

In *Lehman v. Nakshian*, 453 U.S. 156 (1981), the United States Supreme Court held that there was no right to a trial by jury for federal employees bringing suit under the ADEA. Thus, for plaintiff to receive a trial by jury in this case, she must show that the 1991 Act specifically changed existing law. The 1991 Act extends compensatory and punitive damages and a right to a jury trial to victims of intentional discrimination who have brought actions under Title VII, the Americans With Disabilities Act of 1990, and the Rehabilitation Act of 1973. Civil Rights Act of 1991, §§ 102(a), 102(c)(1), Pub. L. No. 102-166, 105 Stat. 1071. Further, Section 107(a) of the 1991 Act states that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." *Id.* at § 107(a). Noticeably absent in these sections of the 1991 Act is any reference to age or to the ADEA. Based upon this absence, the Court finds the 1991 Act did not affect the status of the law as it has developed under the ADEA and, thus, finds that plaintiff is not entitled to a jury trial.

V.   Conclusion

For the reasons set forth above, the Court:

(A)   GRANTS IN PART and DENIES IN PART defendant's Motion to Dismiss [docket no. 9] as follows:

   (1)   the Court grants the motion to dismiss as to plaintiff's state law claim, punitive damages claim, consequential damages, in the form of emotional pain and suffering, claim, liquidated damages claim, and request for jury trial, and

   (2)   the Court denies the motion to dismiss as to plaintiff's claim for attorney fees;

(B) DISMISSES plaintiff's state law claim, punitive damages claim, consequential damages, in the form of emotional pain and suffering, claim, and liquidated damages claim, and

(C) STRIKES plaintiff's request for a jury trial.

**IT IS SO ORDERED this 22nd day of July, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE