**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WANDA J. HARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-148-M |
| ) | |
| JOHN E. POTTER, Postmaster General, ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case is scheduled for trial on the Court's September 2009 trial docket.

Before the Court is plaintiff's Motion for Summary Judgment, filed March 31, 2009. On April 20, 2009, defendant filed his response, and on April 30, 2009, plaintiff filed her reply. On June 12, 2009, plaintiff filed a supplement to her reply. Finally, on July 27, 2009, defendant filed his Notice of Supplemental Authority, and on August 7, 2009, plaintiff filed her Response to Defendant's Notice of Supplemental Authority.

Also before the Court is plaintiff's Motion to Strike Defendant's Summary Judgment Evidence, filed May 1, 2009. On May 17, 2009, defendant filed his response, and on May 27, 2009, plaintiff filed her reply.

I.   Introduction

Plaintiff began her employment with the United States Postal Service in or around February 2004 as a Rural Carrier Associate in Blackwell, Oklahoma. After more than two years at Blackwell, plaintiff applied for a Part Time Flexible City Carrier ("PTF") position at the Fairfax Post Office. Plaintiff was offered the PTF position and began working as a PTF at the Fairfax Post Office on or

about April 3, 2006. Shortly after plaintiff began working as a PTF, Anthony Jansson ("Jansson") was assigned the Postmaster position at the Fairfax office.

Plaintiff alleges that after Jansson began working as the Postmaster, her work environment drastically changed for the negative. Specifically, plaintiff asserts that she was subject to probationary periodic evaluations which other newly hired younger employees were not and was denied the opportunity to attend the carrier academy which newly hired PTF's are generally allowed to attend.

During her probationary period, plaintiff's work quality, work quantity, dependability, work relations, work methods, and personal conduct were evaluated. On or about May 2, 2006, Scott Shepherd ("Shepherd"), a supervisor at the Blackwell Post Office, conducted an office and street inspection with plaintiff. Shepherd has testified that during the office portion of the inspection, Jansson told him he wanted someone "younger" and that Jansson continued to repeatedly state that he wanted someone "younger" than plaintiff to perform her job. Jansson denies making those statements. Shepherd also testified that plaintiff was "right where she needed to be" with respect to her work quantity and work quality.

In both her 30-day and 60-day evaluations, Jansson gave plaintiff unsatisfactory ratings in the areas of work quality, work quantity, and personal conduct. Further, according to defendant, plaintiff walked out of her 60-day evaluation and refused to sign the form. On June 13, 2006, Jansson terminated plaintiff. Plaintiff contends she was satisfactorily performing her job and was terminated based upon her age. Defendant contends plaintiff was terminated for failing to perform her job satisfactorily and based upon her behavior during her 60-day evaluation. On February 11, 2008, plaintiff brought the instant action alleging that she was discriminated against on the basis of

her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq.

II.     Motion to Strike

Plaintiff moves this Court to strike defendant's summary judgment evidence, specifically the affidavits of Jansson and Jeffery D. Dalton. Plaintiff contends that Jansson's affidavit is fraught with self-serving statements which are not supported by the record and, thus, his affidavit should be stricken. Having carefully reviewed Jansson's affidavit, the Court finds that while it may not contain all of the detail that plaintiff would like, Jansson's affidavit is clearly not conclusory and self-serving. Jansson was the decision maker in this case, and he certainly may testify, by way of affidavit, as to whether plaintiff's age had anything to do with his decision to terminate plaintiff. The Court, therefore, finds that Jansson's affidavit should not be stricken. Further, because the Court did not consider Mr. Dalton's affidavit in making its determination regarding plaintiff's motion for summary judgment, the Court finds that plaintiff's motion to strike Jeffrey D. Dalton's affidavit should be denied as moot.

III.    Motion for Summary Judgment

A.      Standard of review

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving

party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

  B. <u>Discussion</u>

The United States Supreme Court recently held:

> a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

*Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009).

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to defendant and viewing all reasonable inferences in defendant's favor, the Court finds there is a genuine issue of material fact as to the reason plaintiff was terminated. While plaintiff has presented evidence, including the testimony of Shepherd that Jansson told him that he wanted someone younger, showing that age was the "but-for" cause of her termination, defendant has also presented evidence, including the testimony of Jansson specifically

refuting making the alleged statement(s), showing that plaintiff was terminated based upon her unsatisfactory work performance and her behavior during her 60-day evaluation and not based upon her age. Accordingly, because there is a genuine dispute regarding the ultimate issue in this case – the reason for plaintiff's termination, the Court finds that plaintiff is not entitled to summary judgment.[1]

IV.   Conclusion

For the reasons set forth above, the Court DENIES plaintiff's Motion to Strike Defendant's Summary Judgment Evidence [docket no. 47] and DENIES plaintiff's Motion for Summary Judgment [docket no. 29].

**IT IS SO ORDERED this 25th day of August, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Because there are genuine issues of material fact as to whether plaintiff was satisfactorily performing her job and as to whether the reasons defendant has asserted were the basis for plaintiff's termination were the real reasons for plaintiff's termination, the Court finds that the determination of plaintiff's motion for summary judgment would be the same whether the Court used the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) or not. The Court, therefore, need not determine whether it is still appropriate to utilize a *McDonnell Douglas* analysis in an ADEA case following the decision in *Gross*.