## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

WANDA J. HARLEY,                          )
                                          )
                    Plaintiff,            )
                                          )
vs.                                       )        Case No. CIV-08-148-M
                                          )
JOHN E. POTTER, Postmaster General,       )
United States Postal Service,             )
                                          )
                    Defendant.            )

## ORDER

Before the Court is plaintiff's Motion to Strike Defendant's Experts Jeffery D. Dalton and

Mike Cox, filed May 1, 2009.  On May 17, 2009, defendant filed his response, and on May 27, 2009,

plaintiff filed her reply.  Based upon the parties' submissions, the Court makes its determination.

On April 24, 2009, defendant filed its expert designations, identifying Jeffrey D. Dalton and

Mike Cox as experts whom defendant intends to call at the trial of this matter.  Both Mr. Dalton and

Mr. Cox are United States Postal Service employees.  Mr. Dalton is the Manager, Human Resources,

Oklahoma District and will provide testimony regarding human resource issues, including but not

limited to employee training, evaluation, classification, wages and benefits.  Mr. Cox is the

Manager, Operations Program Support, Oklahoma District and will provide testimony regarding

carrier productivity issues, including but not limited to United States Postal Service standards for

carriers, employee training and evaluation.  Plaintiff moves the Court to strike  Mr. Dalton and Mr.

Cox based upon defendant's failure to produce expert reports for these individuals as required by

Federal Rule of Civil Procedure 26(a)(2)(B).[1]

---

[1]Plaintiff also moves to strike these experts based upon the fact that these experts are not
qualified to render expert opinions under Federal Rule of Evidence 702.  The arguments plaintiff
makes in this respect, however, are quite general.  Further, on August 17, 2009, plaintiff filed a

Rule 26(a)(2)(B) provides, in pertinent part:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve the giving of expert testimony.

Fed. R. Civ. P. 26(a)(2)(B). Further, the Tenth Circuit Court of Appeals has found: "[w]hile the Rule focuses on those who must file an expert report, by exclusion it contemplates that some persons are not required to file reports and that these include individuals who are employed by a party and do not regularly give expert testimony." *Watson v. United States*, 485 F.3d 1100, 1107 (10th Cir. 2007).

Having carefully reviewed the parties' submissions, the Court finds no violation of Rule 26(a)(2)(B). Specifically, the Court finds that because Mr. Dalton and Mr. Cox are defendant's employees and their duties do not regularly involve giving expert testimony, defendant was not required, pursuant to Rule 26(a)(2)(B), to produce expert reports for Mr. Dalton and Mr. Cox. The Court, therefore, finds that these expert witnesses should not be stricken.

Accordingly, the Court DENIES plaintiff's Motion to Strike Defendant's Experts Jeffery D. Dalton and Mike Cox [docket no. 48].

**IT IS SO ORDERED this 25th day of August, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

much more detailed motion to strike these same experts based, in part, upon the fact that they are not qualified to testify as experts. Because plaintiff has filed a much more comprehensive motion to strike on the basis of the experts' qualifications, the Court declines to address the issue of the experts' qualifications for purposes of the instant motion to strike.