# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WANDA J. HARLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-08-148-M |
| JOHN E. POTTER, Postmaster General, United States Postal Service, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiff's Motion for Sanctions Due to Spoliation of Evidence, filed August 27, 2009. On September 16, 2009, defendant filed his response, and on September 18, 2009, plaintiff filed her reply. On September 21, 2009, the Court held a hearing on plaintiff's motion for sanctions and heard argument from counsel. Based upon the parties' submissions and counsel's arguments, the Court makes its determination.

Plaintiff moves this Court for an order sanctioning defendant by way of an adverse inference finding based upon defendant's failure to produce critical documents, specifically plaintiff's daily time cards, which were in defendant's sole possession.

> [T]he general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction. The adverse inference must be predicated on the bad faith of the party destroying the records. Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case.

*Aramburu v. The Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997) (internal citations omitted).

Having reviewed the parties' submissions, and having heard counsel's arguments, the Court finds that plaintiff has not shown that defendant lost plaintiff's daily time cards in bad faith. The

evidence submitted supports a finding that defendant was clearly negligent in losing plaintiff's daily time cards but does not support a finding that defendant intentionally, in bad faith, lost or destroyed the time cards. Because plaintiff has not shown the requisite bad faith on the part of defendant, the Court finds that plaintiff is not entitled to an adverse inference finding.

Accordingly, the Court DENIES plaintiff's Motion for Sanctions Due to Spoliation of Evidence [docket no. 109].

**IT IS SO ORDERED this 26th day of February, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE