# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

WANDA J. HARLEY, )
 )
          Plaintiff, )
 )
vs. ) Case No. CIV-08-148-M
 )
JOHN E. POTTER, Postmaster General, )
United States Postal Service, )
 )
          Defendant. )

## ORDER

Before the Court is plaintiff's Motion to Review Costs and Hold in Abeyance Assessment of Costs Pending Appeal, filed April 26, 2010. On May 11, 2010, defendant filed his response. Based upon the parties' submissions, the Court makes its determination.

On February 26, 2010, the Court entered final judgment in favor of defendant. Defendant, thereafter, filed a bill of costs and a motion for costs on March 10, 2010, seeking reimbursement for various costs. On April 22, 2010, the Court Clerk assessed costs against plaintiff in the amount of $3,171.21. Plaintiff now moves the Court to review the Court Clerk's taxation of deposition transcript costs. Plaintiff also requests that the Court hold the assessment of costs in abeyance until plaintiff's appeal is resolved.

I.      Deposition Transcript Costs

The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

> The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case."

*In re Williams Sec. Litig.*, 558 F.3d 1144, 1147-48 (10th Cir. 2009) (internal citations omitted). Further,

> [the court does] not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. [The court] base[s] this determination, instead, solely on the particular facts and circumstances at the time the expense was incurred.

*Id.* at 1148 (internal quotations and citations omitted).

Plaintiff asserts that a number of the depositions[1] were not used at trial and/or were not necessary. Having carefully reviewed the parties' submissions, the Court finds that based upon the facts and circumstances at the time the depositions were taken, the depositions of the individuals at issue were reasonably necessary to the litigation of the instant case.[2] Accordingly, the Court finds that defendant should not be denied the costs associated with these depositions.

Plaintiff also asserts that defendant should be denied the costs associated with a number of the depositions based upon his alleged improper conduct. Specifically, plaintiff contends that the only reason she deposed Kerry Ebbert, Davina Love, and Laquita Shumard was because defendant identified these individuals as witnesses in his discovery responses but provided only a generic description of what each individual knew. Plaintiff further contends that the only reason Tony Jansson, Jeff Dalton, and Mike Brooks were deposed a second time was because defendant failed to produce certain documents relevant to plaintiff's case prior to the initial depositions of these

---

[1] Specifically, plaintiff objects to the depositions of Kerry Ebbert, Davina Love, Laquita Shumard, and Tony Jansson.

[2] The Court would note that it particularly finds plaintiff's argument that the depositions of Tony Jansson were not necessarily obtained for use in the case incredible in light of the fact that Mr. Jansson was the alleged discriminator in this case.

2

individuals. Finally, plaintiff contends that the only reason plaintiff deposed Clarissa Cottle a second time was because defendant's counsel directed her not to answer certain questions during her first deposition, which the Court later determined could lead to the discovery of admissible evidence.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has not shown any misconduct by defendant in relation to the need to take these depositions which would warrant denying defendant the costs associated with taking these depositions. The Court finds that the circumstances cited by plaintiff are nothing more than the typical discovery issues that can arise in litigation and the timing issues that arise when discovery disputes must be resolved by the Court. Accordingly, the Court finds that defendant should not be denied the costs associated with these depositions.

Finally, plaintiff contends that defendant is not entitled to the extra expense it incurred in obtaining electronic and/or condensed versions of the deposition transcripts. Having carefully reviewed the parties' submissions, the Court finds that the electronic and/or condensed versions of the deposition transcripts in this case merely added to the convenience of defense counsel and, thus, are not reasonably necessary to the litigation of the case. Accordingly, the Court finds that defendant should be denied the $320.00 in costs incurred in obtaining electronic and/or condensed versions of the deposition transcripts of James F. Horrell, Ph.D., Michael Brooks, Tony Jansson, Jeff Dalton, O.D. Curry, Kerry Ebbert, Mike Cox, Gary Colson, and Clarissa Cottle.

II.   Abeyance

Plaintiff also moves the Court to hold the assessment of costs in abeyance pending her appeal. Plaintiff, however, other than citing two distinguishable cases, sets forth absolutely no

specific reason why the assessment of costs in this case should be held in abeyance pending her appeal. Accordingly, the Court finds that the assessment of costs in this case will not be held in abeyance pending plaintiff's appeal.

III.    Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion to Review Costs and Hold in Abeyance Assessment of Costs Pending Appeal [docket no. 155] as follows: The Court UPHOLDS the Clerk's award of costs, except for the $320.00 in costs incurred in obtaining electronic and/or condensed versions of the deposition transcripts of James F. Horrell, Ph.D., Michael Brooks, Tony Jansson, Jeff Dalton, O.D. Curry, Kerry Ebbert, Mike Cox, Gary Colson, and Clarissa Cottle, AWARDS defendant costs in the amount of $2851.21, and DENIES plaintiff's motion to hold in abeyance assessment of costs pending appeal.

**IT IS SO ORDERED this 19th day of August, 2010.**

*Vicki Miles-LaGrange* (signature)
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE